UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>RealTrust IRA Alternatives, LLC,
f/k/a Entrust Northwest, LLC</u>,

  v.          Case No. 10-cv-382-LM

<u>The Entrust Group; International
Bank & Trust; and Mechanics Bank</u>,

### AMENDED ORDER

Before the court is The Entrust Group's motion to continue the hearing on Plaintiff's Emergency Petition for Injunction, which had been scheduled for September 9, 2010.  That motion was the subject of a telephone conference on December 8, 2010.[1]

As the court indicated at the conclusion of the telephone conference, defendant's motion to continue (document no. 26) is granted.  In light of the three recently filed motions to dismiss, two of which raise the issue of personal jurisdiction, it would be premature to address plaintiff's request for injunctive relief without first determining whether the court has personal jurisdiction over The Entrust Group and Mechanics Bank.  Moreover, two of the motions ask the court to compel arbitration, while the third asks the court to stay this action pending the

---

[1] The following attorneys appeared: John W. Dennehy for RealTrust IRA Alternatives, LLC; John Kern and Andrew Serell for The Entrust Group and International Bank & Trust; and Howard A. Slavitt and Scott H. Harris for Mechanics Bank.

outcome of ongoing arbitration proceeding.  Those issues, as well, should be addressed before the court considers the merits of plaintiff's case, as it necessarily would if it were to consider the petition for injunctive relief.  Accordingly, plaintiff shall have the time specified by the Federal Rules of Civil Procedure to object to defendants' three motions, and defendants may reply to plaintiff's objections, as provided for by the applicable Federal and Local Rules.  If plaintiff desires a hearing on one or more of defendants' motions, it shall so specify in its objections to those motions, and if the court deems a hearing necessary, one shall be scheduled expeditiously.  Furthermore, if any of plaintiff's claims survive the pending motions to dismiss, the court shall schedule a hearing on plaintiff's petition for injunctive relief as expeditiously as possible while still protecting defendants' ability to marshal the evidence they need.

   One final point.  During the telephone conference, The Entrust Group stipulated that it will temporarily (i.e., pending the court's ruling on TEG's motion to dismiss and/or plaintiff's petition for injunction) discontinue assessing termination fees on plaintiff's clients' accounts.  The parties are free to file a formal stipulation in whatever form they choose, but based upon the representation made by The

Entrust Group during the telephone conference, its stipulation will, in any event, be enforceable as an order of the court.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 14, 2011

cc:  John W. Dennehy, Esq.
     Steven J. Dutton, Esq.
     Scott H. Harris, Esq.
     Susan K. Jamison, Esq.
     John Kern, Esq.
     Amanda M. Knudsen, Esq.
     Coleen M. Penacho, Esq.
     Andrew W. Serell, Esq.
     Howard A. Slavitt, Esq.