```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

RealTrust IRA Alternatives, LLC
f/k/a Entrust Northwest, LLC

   v.                                    Civil No. 10-cv-382-LM

The Entrust Group, International
Bank & Trust, and Mechanics Bank


**O R D E R**

RealTrust IRA Alternatives, LLC ("RealTrust") has sued three defendants in six counts.[1] RealTrust is an administrator of self-directed individual retirement plans and was once a licensee of The Entrust Group ("TEG"), which provides self-directed IRA plan administration. For approximately one year, International Bank & Trust ("IBT") provided custodial banking services to RealTrust. RealTrust's claims are based on, among other things, the manner in which TEG arranged for Mechanics Bank ("Mechanics") to take over from IBT as RealTrust's custodial bank.

Before the court is IBT's motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P.

---

[1] Specifically, RealTrust seeks a declaratory judgment (Count I), and seeks to recover for breach of contract (Count II), quantum meruit/unjust enrichment (Count III), misappropriation of trade secrets (Count IV), breach of the implied covenant of good faith and fair dealing (Count V), violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A (Count VI).

12(b)(6), or, in the alternative, to compel arbitration, pursuant to 9 U.S.C. § 2.  RealTrust objects, on the merits, to both forms of relief.[2]  Additionally, in the last sentence of its nineteen-page objection, RealTrust states: "ALTERNATIVELY, the plaintiff seeks 90 days to conduct discovery into jurisdiction and fraud, and file an Amended Complaint."  Pl.'s Obj. (doc. no. 32), at 20.  In that IBT does not challenge jurisdiction, RealTrust's need for jurisdictional discovery is not readily apparent, and its reference to fraud is even more inexplicable.  Accordingly, the court will disregard RealTrust's request for discovery, on the assumption that the sentence containing that request, which also appears in RealTrust's objections to the Rule 12(b)(2) motions filed by TEG and Mechanics, found its way into the objection to a Rule 12(b)(6) motion by accident, as a result of inattentive editing.[3]

---

[2] IBT also moves to strike, in whole or in part, ten of the sixteen exhibits attached to RealTrust's objection.  Its grounds for so moving include inadequate authentication, hearsay, and lack of relevance, among others.  But, because RealTrust relies on none of those exhibits in its objection to IBT's Rule 12(b)(6) motion, which is the subject of this order, no good purpose would be served by addressing IBT's motion item by item.  Rather, it is denied as moot.

[3] Moreover, there is another sound reason to disregard RealTrust's request for discovery: "Objections to pending motions and affirmative motions for relief shall not be combined in one filing."  LR 7.1(a)(1).

That said, the court still must determine which of IBT's alternative requests for relief it will rule on in this order.[4] Cf. Khan v. Parsons Global Servs., Ltd., 521 F.3d 421, 428 (D.C. Cir. 2008) ("a defendant who seeks arbitration only as an alternative to summary judgment 'takes the risk' that the court will rule on the merits of the plaintiff's claims"). This is an especially weighty issue in that the procedures for resolving a Rule 12(b)(6) motion are different from those for resolving a request for arbitration. The former may be resolved on the pleadings, while the latter, it would seem, requires a hearing, see 9 U.S.C. § 4 ("The court shall hear the parties . . . [and] [t]he hearing . . . shall be within the district in which the petition for an order directing such arbitration is filed.") (emphasis added). Mindful that it is IBT's own motion practice that has placed the court in this position, and reluctant to hazard a guess as to which alternative would best serve IBT's interests, the court will simply address the request that IBT listed first in the caption of its brief and addressed first therein, i.e., its request for dismissal under Rule 12(b)(6). For the reasons given, IBT's motion is granted in part and denied in part.

---

[4] Parenthetically, the court notes that the court's dilemma demonstrates the wisdom of Local Rule 7.1(a)(1), which provides that "[f]ilers shall not combine multiple motions seeking separate and distinct relief into a single filing."

3

**The Legal Standard**

A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), a trial court "assume[s] the truth of all well-plead facts and give[s] the plaintiff[s] the benefit of all reasonable inferences therefrom." Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009) (quoting Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)). However, the court need not credit "bald assertions . . . unsubstantiated conclusions, . . . outright vituperation or subjective characterizations, optimistic predictions, or problematic suppositions." Fantini, 557 F.3d at 26 (citations and internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  On the other hand, a Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

## Background

The following factual recitation is drawn from RealTrust's complaint.  In 1993, RealTrust entered into an agreement with TEG.  That agreement required RealTrust to enter into a custodial agreement with a bank, to hold its clients' uninvested assets.

On July 1, 2008, RealTrust entered into a custodial agreement with IBT.  RealTrust alleges, on information and belief, that IBT was a wholly owned subsidiary of TEG. RealTrust also alleges that the parties to the July 1, 2008, agreement were itself, IBT, and TEG, see Compl. ¶ 25, but the copy of that agreement appended to the complaint identifies only RealTrust and IBT as the parties to it, see Compl., Ex. 2, at 1, 11.

About a year after the IBT custodial agreement was executed, IBT terminated it without giving RealTrust the amount of notice required by the agreement.  Subsequently, TEG required RealTrust to enter into another custodial agreement that had three parties: TEG, RealTrust, and Mechanics.

This suit arises from RealTrust's dissatisfaction with the manner in which TEG changed custodians as well as its dissatisfaction with other aspects of the management of its clients' assets.

## Discussion

Noting that it is not mentioned in any of the six counts in RealTrust's complaint, IBT moves to dismiss, arguing that RealTrust has not stated a claim upon which relief can be granted.  In its objection, RealTrust argues that: (1) its complaint meets the notice pleading standard established in Rule 8 of the Federal Rules of Civil Procedure ("Federal Rules"); (2) IBT is a necessary and indispensible party to this matter under Rule 19 of the Federal Rules; and (3) IBT has not met its burden of demonstrating its entitlement to dismissal under Rule 12(b)(6).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "This short and plain statement need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (quoting Twombly, 550 U.S. at 555).

None of the six claims in RealTrust's complaint so much as mentions IBT. Count I refers to "[a]n actual and justiciable controversy . . . among TEG, Mechanics, and [RealTrust]" and "[a]n actual and justiciable controversy . . . between TEG and [RealTrust]." Compl. ¶¶ 67, 68. Count II asserts that "TEG and Mechanics entirely disregarded their contractual obligations." Compl. ¶ 70. Count III alleges that "TEG has been unjustly enriched." Compl. ¶ 75. Count IV is based on "[t]he action of TEG in misappropriating the trade secrets of [RealTrust]." Compl. ¶ 83. Count V asserts that "TEG and Mechanics breached the implied covenant of good faith and fair dealing." Compl. ¶ 83. Count VI is based on RealTrust's allegation that "TEG, and Mechanics, are engaged in trade and commerce in the form of banking practices." Compl. ¶ 87. In a case with multiple defendants, a claim that names Defendant A but does not name Defendant B can hardly be said to give Defendant B fair notice that the claim is directed at him or her. Rather, the only reasonable reading of such a claim is that it is not directed at the unnamed defendant.

7

The core of RealTrust's argument that it has met the Rule 8 pleading standard is this:

> It is plain to see, although it is not explicitly stated, that IBT's conduct was the act that set the subsequent chain of events, including Mechanic's [sic] breach, TEG's breach, and the misappropriation of millions of dollars from clients' accounts in motion, as well as equitable relief in determining ownership of accounts.

Pl.'s Obj. (doc. no. 30), at 12. Alleging that IBT played a role in a chain of events that eventually culminated in actionable conduct by Mechanics and TEG is not enough to state a claim against IBT. To state a claim, RealTrust must allege actionable conduct by IBT. Thus, neither RealTrust's Rule 8 argument nor its Rule 19 argument is persuasive.

On the other hand, however, there is merit to RealTrust's argument that, notwithstanding its failure to mention IBT in Count II, it has, in fact stated a claim against IBT for breach of contract. Specifically, RealTrust alleges that the IBT custodial agreement allowed either RealTrust or IBT to terminate the agreement by giving the other party 180 days notice, Compl. ¶ 26, and that IBT terminated the agreement on only thirty days notice, Compl. ¶ 30. Those factual allegations are sufficient to state a claim that IBT is liable for "a failure without legal excuse[ ] to perform [a] promise which form[ed] . . . part of a contract." Lassonde v. Stanton, 157 N.H. 582, 588 (2008) (quoting Poland v. Twomey, 156 N.H. 412, 415 (2007)). That is

because the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

Because RealTrust has alleged both an obligation stated in the contract and an act by IBT that violated its contractual obligation, RealTrust has done more than "plead[ ] facts that are 'merely consistent with' [IBT's] liability." Iqbal, 129 S. Ct. at 1949. Rather, RealTrust has pled facts that establish liability. See id. at 1950 (explaining that in Twombly, an antitrust action, alleged parallel conduct by two entities "was consistent with an unlawful agreement" but "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior").

IBT makes one further argument for dismissal: RealTrust's failure to allege that it was damaged by IBT's failure to fulfill its contractual obligation to give 180 days notice before terminating the custodial agreement. In support of that argument, IBT cites two New Hampshire Supreme Court cases for the proposition that injury is an essential element of a claim for breach of contract, the absence of which is grounds for dismissal under Rule 12(b)(6). The authority on which IBT relies is unavailing.

As noted above, under New Hampshire law, "[a] breach of contract occurs when there is a failure without legal excuse[ ] to perform any promise which forms the whole or part of a contract." Lassonde, 157 N.H. at 588. Notwithstanding IBT's assertion to the contrary, Coyle v. Battles does not hold that injury is an element that must be pled separately from breach in a claim for breach of contract; Coyle merely holds that for purposes of applying the statute of limitations, a cause of action for breach of contract arises when the breach occurs. See 147 N.H. 98, 101 (quoting Bronstein v. GZA GeoEnvironmental, 140 N.H. 253, 255 (1995)). Moreover, Bronstein would appear to substantially undermine IBT's argument:

> In that case [Conrad v. Hazen, 140 N.H. 249 (1995)], we held that "[a] cause of action . . . arises once all the necessary elements are present. In the case of torts, it would be when the causal negligence is coupled with harm to the plaintiff." Id. at [252]. In the case of a contract action, it would be when the breach occurs. See Metropolitan Prop. & Liabil. Ins. Co. v. Walker, 136 N.H. 594, 597 (1993) (generally, statute of limitations begins to run in contract actions when the breach occurs).

140 N.H. at 255 (parallel citations omitted). So, according to Bronstein, it would appear in a tort claim, breach of duty and injury are separate elements while, in a breach of contract claim, a breach is presumed to cause injury.[5]

---

[5] While it has been said that "a tort is not wrongful conduct in the air; the arrow must hit its mark," Heil v. Morrison Knudsen Corp., 863 F.2d 546, 550 (7th Cir. 1988)

Concord Hospital v. New Hampshire Medical Malpractice Joint Underwriting Ass'n is equally unavailing. That case stands for the unremarkable proposition that "[t]he party seeking damages in a contract action has the burden of proving the extent and amount of damages sustained as a result of the breach." 142 N.H. 59, 61 (1997) (citing Bailey v. Sommovigo, 137 N.H. 526, 531 (1993); Caldwell v. Allstate Ins. Co., 453 So. 2d 1187, 1191 (Fla. Dist. Ct. App. 1984)). But, requiring a plaintiff prove damages in a contract action is hardly the same thing as requiring that plaintiff to allege injury separately from an allegation of breach. In sum, RealTrust has adequately stated a claim that IBT breached its custodial agreement.

Count V, RealTrust's claim for breach of the implied covenant of good faith and fair dealing, stands on a different footing. In Centronics Corp. v. Genicom Corp., the New Hampshire Supreme Court explained that it has "relied on such an implied duty in three distinct categories of contract cases: those dealing with standards of conduct in contract formation, with termination of at-will employment contracts, and with limits on discretion in contractual performance," 132 N.H. 133, 139 (1989). RealTrust argues that its claim against IBT falls

---

(citation omitted), and that "[u]ntil there is hurt, there is no tort," id., where A fails to provide B with the benefit B bargained for, and for which B gave consideration, B is necessarily harmed by A's failure to perform his or her contractual obligation.

11

into the third category, but it does not. After describing several cases in the third category, the Centronics court summed up:

> Despite the variety of their fact patterns, these cases illustrate a common rule: under an agreement that appears by word or silence to invest one party with a degree of discretion in performance sufficient to deprive another party of a substantial proportion of the agreement's value, the parties' intent to be bound by an enforceable contract raises an implied obligation of good faith to observe reasonable limits in exercising that discretion, consistent with the parties' purpose or purposes in contracting.

Id. at 143. Here, RealTrust identifies no portion of the IBT custodial agreement that gave IBT the necessary degree of discretion in performance, such as the right to be paid a set amount for such services as IBT, in its sole discretion may render. See id. at 141. Accordingly, RealTrust has failed to state a claim for breach of the implied covenant of good faith and fair dealing.

## Conclusion

As noted above, IBT's motion to strike (doc. no. 42) is denied as moot. But, for the reasons given, IBT's motion to dismiss for failure to state a claim (doc. no. 18) is granted in part and denied in part. Specifically, RealTrust's case against

IBT now consists of a single claim for breach of contract (Count II).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 21, 2011

cc:   John W. Dennehy, Esq.
      Steven J. Dutton, Esq.
      Scott H. Harris, Esq.
      Susan K. Jamison, Esq.
      John Kern, Esq.
      Amanda M. Knudsen, Esq.
      Coleen M. Penacho, Esq.
      Gregory M. Sargent, Esq.
      Andrew W. Serell, Esq.
      Howard A. Slavitt, Esq.